IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD YOUNG and JI'HAAD HARRISON, | ) Case No. 1:22-cv-327 ) ) |
| Plaintiffs | ) RICHARD A. LANZILLO ) Chief United States Magistrate Judge |
| v. | ) ) |
| PA DEPARTMENT OF CORRECTIONS, et al., | ) OPINION AND ORDER SEVERING ) CLAIMS AND DIRECTING THE FILING ) OF SEPARATE AMENDED |
| Defendants | ) COMPLAINTS |

I. Introduction

Plaintiffs Leonard Young and Ji'haad Harrison are inmates in the custody of the Pennsylvania Department of Corrections (DOC), currently confined at the State Correctional Institution at Albion (SCI-Albion). Plaintiffs jointly commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that various DOC officials acted with deliberate indifference to their medical and mental health needs, subjected them to cruel and unusual punishment, and discriminated against them based on their transgendered status.

For the reasons set forth below, the Court concludes that Plaintiffs' claims are insufficiently connected to permit them to proceed in a single lawsuit. Pursuant to 28 U.S.C. § 1915(e) and Rule 21 of the Federal Rules of Civil Procedure, the Court will sever the individual claims so that each Plaintiff may proceed separately in her own case. Young, whose claims are identified first in the joint pleading, will be granted leave to proceed *in forma pauperis* and instructed to file an amended complaint under this civil case number (1:22-cv-327). Harrison's claims will be dismissed without prejudice to her right to proceed by filing an

amended complaint under a separate action she has filed in this Court at docket no. 1:22-cv-00105 ("105 Action").[1]

II.  Background

　A. Young's allegations

According to the pleading, Young is biologically male but identifies as a transgender female. ECF No. 1-1 at 3-4. Young has suffered from various mental health ailments since childhood. *Id.* at 3. She maintains that, although she was a "violent" offender when previously incarcerated as a man, she is now a "non-violent . . . transgender woman." *Id.* at 4. Despite her gender change, Young maintains that the Defendants continue to characterize her as a violent inmate, refuse to accept her gender identity, and deprive her of mental health treatments. *Id.*

As to the specifics of her claim, Young avers that she was transferred to SCI-Albion on September 27, 2022, because her prior institution could not safely accommodate a transgender woman. *Id.* at 5. Despite her "self-identity as female/woman and transgender," the prison placed her in a cell "with a muslim guy who stood about 6'1 280 lbs." *Id.* When she objected, she was placed in the Restricted Housing Unit (and, subsequently, a Psychiatric Observation Cell) and told "this is what you get if you're a woman who cares if he takes your hole, it aint going to hurt that much." *Id.* at 5-6.

The following day, a DOC officer accused her of faking her transgendered status and mental illnesses to try to obtain a single cell. *Id.* at 6. A prison physician visited her over the next few days and took away her glasses, stating: "your not mental health your not a women and we are all on to your games." *Id.* The doctor later threatened to withhold mental health treatments unless Young admitted that she was a man. *Id.* at 7.

---

[1] The Court has issued an order for Harrison to file an amended complaint in Harrison's 1:22-cv-00105 Action (ECF 42).

2

Finally, on October 8, 2022, a psychiatric review team met with Young and informed her that her only mental health diagnosis was anti-social personality disorder. *Id.* at 8. Young then attempted to eat her asthma inhaler, resulting in her placement in a "hard cell" where "voices told [her] to smear and eat [her] feces." *Id.* That same day, a corrections officer placed an object up her rectum and sexually assaulted her. *Id.* She was then taken to medical triage where "officers ran [her] head into a door and split [her] ear open knocking [her] unconscious." *Id.* Prison officials subsequently refused to provide her with a grievance form. *Id.* at 9.

B. Harrison's allegations

Like Young, Harrison avers that she is a transgender woman with a history of mental illness. *Id.* at 10. On August 20, 2021, Harrison was placed in the Restricted Housing Unit at SCI-Albion because she "possess[ed] a weapon due to vulnerability, and being bullied" over her transgender status. *Id.* at 11. Several months later, Harrison complained that staff had been using excessive force on her to force her to "man up" and "stop faking" that she was a woman. *Id.*

On October 12, 2022, Harrison cut her wrist with a razor blade and then swallowed the blade and "30-50 pills" in a suicide attempt. *Id.* at 12. Rather than provide medical treatment, prison officials laughed at her, called her a "faggot," and told her to "die." *Id.*

Finally, on October 20, 2022, Harrison visited with a psychiatric review team and complained about being mistreated because of her transgender status. *Id.* The team refused to help, instead prescribing a mood stabilizer pill and sending her to a "Secure Behavioral Program." *Id.* Prison staff later denied Harrison a grievance form. *Id.* at 13.

III.  Standard for Review

Because they are seeking leave to proceed in forma pauperis, Plaintiffs are subject to the screening provisions in 28 U.S.C. § 1915(e).[2] Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). A frivolous complaint is one which is either based upon an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination as to whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

IV.  Analysis

Applying the principles above, the Court finds that Young and Harrison have each stated their allegations with sufficient factual detail to satisfy § 1915(e). The Court concludes, however, that joinder of Young and Harrison's claims in this action is inappropriate.

Rule 20 of the Federal Rules of Civil Procedure allows the joinder of multiple plaintiffs in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and

---

[2] Because Plaintiffs are proceeding *pro se*, their factual allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).

the action involves "any question of law or fact common to all plaintiffs." Fed. R. Civ. P. 20. While the Federal Rules "strongly encourage" joinder in circumstances where joint litigation would promote efficiency and fairness, *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009), "this application, however liberal, is not a license to join unrelated claims and [parties] in one lawsuit." *Stokes v. Carney*, 2021 WL 4477185, at *8 (E.D. Pa. Sept. 29, 2021) (quoting *McKinney v. Prosecutor's Office*, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014)) (internal quotations omitted). Rather, where the claims presented by co-plaintiffs "did not arise from the same occurrence or series of occurrence," the court may, in its discretion, "dismiss[] [the] co-plaintiffs from the action and direct[] [them] to file separate complaints." *Boretsky v. Governor of New Jersey*, 433 Fed. Appx. 73, 77 (3d Cir. 2011). *See also* Fed. R. Civ. P. 21 (noting that a court, "[o]n motion or on its own," may "at any time, on just terms, add or drop a party"). In so doing, the court "must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan*, 570 F.3d at 157.

Here, the only allegation common to both Plaintiffs is the general averment that each is a transgendered inmate at SCI-Albion with a history of mental illness. Although the incidents at the heart of Plaintiffs' claims occurred at the same institution, their allegations involve distinct acts committed by disparate parties at different times and places. For example, Young alleges that she was improperly housed with a male cellmate, sexually assaulted by a guard, confined to a solitary cell and permitted to cover herself with feces, and physically slammed into a door while on the way to medical. Harrison, in contrast, avers that she was generally subjected to excessive force and that the prison failed to provide mental health treatment following her suicide attempt. None of these claims arise from the same occurrence or series of occurrences,

5

and no single claim appears to be common to both Plaintiffs. Under such circumstances, joinder is inappropriate. *Boretsky*, 433 Fed. Appx. at 77 ("[W]e cannot say that, given the hodgepodge of claims raised in the original complaint, the District Court abused its discretion in dismissing Boretsky's co-plaintiffs from the action and directing the plaintiffs to file separate complaints"). *See also Burris v. Clark*, 2021 WL 2836364, at *6 (M.D. Pa. May 7, 2021) (denying joinder where claims had no "single, coherent legal, logical, topical, or temporal connection"); *Stokes*, 2021 WL 4477185, at *8 (same).

The Court also takes judicial notice of Harrison's 105 Action, which Harrison initiated by filing a motion for leave to proceed in forma pauperis on March 28, 2022. Docket No. 1:22-cv-00105, ECF No. 1. In Action 105, the factual allegations and theories of liability significantly overlap with those alleged and asserted in the present action, and at a status conference held in the 105 Action on November 1, 2022, Harrison's averments incorporate allegations distinct to this action. Thus, in an effort to promote judicial efficiency, the Court has ordered Harrison to amend her 105 Action to include the averments asserted in this action. *Id.*, ECF No. 42. Accordingly, Harrison's claims will be dismissed without prejudice, and the Court will permit Young to proceed in the instant action

V.   Conclusion

For the foregoing reasons, the Court will sever Harrison's claims pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure. The parties are hereby ORDERED to comply with the following instructions:

1. Young may proceed with her claims in the instant lawsuit (case number 1:22-cv-327). Her motion for leave to proceed *in forma pauperis* will be granted by separate order.

2. Before her pleading can be served, Young must file an Amended Complaint **that states only her own claims** under this case number (1:22-cv-327) on or before December 1, 2022. Young is reminded that her amended pleading "must be complete

in all respects. It is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018) (quoting *Young v. Keohane*, 809 F.Supp. 1185, 1189 (M.D. Pa. 1992)).

To proceed with her own claims, Harrison is instructed to file an Amended Complaint (subject to the same instructions set forth above) on or before December 19, 2022, under case number 1:22-cv-00105. A separate order has been issued in the 105 Action that further addresses the Court's reason for ordering an amended complaint and with additional instructions for filing the complaint. Docket No. 1:22-cv-00105, ECF No. 42.

IT IS SO ORDERED.

RICHARD A. LANZILLO
Chief United States Magistrate Judge

Dated: November 2, 2022