IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| LEONARD YOUNG, | ) | 1:22-CV-00327-SPB-RAL |
| | ) | |
| Plaintiff | ) | |
| | ) | SUSAN PARADISE BAXTER |
| vs. | ) | United States District Judge |
| | ) | |
| PA DEPARTMENT OF CORRECTIONS, | ) | |
| SUPERINTENDENT LONNIE J. OLIVER, | ) | RICHARD A. LANZILLO |
| DEPUTY PATRICIA THOMPSON, CHCA | ) | Chief United States Magistrate Judge |
| MIKE EDWARDS, CORRECTIONS | ) | |
| HEALTHCARE ADMINISTRATOR; DR. | ) | |
| CRAIG RUSH, CHIEF PSYCHOLOGIST | ) | REPORT AND RECOMMENDATION ON |
| OF SCI-ALBION; DR. GODESMAN, DR. | ) | PLAINTIFF'S MOTION FOR INJUNCTIVE |
| EVANS, DR. LUCAS, LT. BASHER, | ) | RELIEF |
| CCPM KURT SUESSER, CORRECTIONS | ) | |
| CLASSIFICATION PROGRAM | ) | |
| MANAGER; C. GIDDINGS, GRIEVANCE | ) | IN RE: ECF NO. 15 |
| COORDINATOR; AND CPT JOHNSON, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for injunctive relief (ECF No. 59) be DENIED in part and DEFERRED in part. Specifically, Plaintiff's request for a temporary restraining order should be DENIED, and her request for a preliminary injunction should be deferred pending service of Plaintiff's amended complaint and motion for injunctive relief upon the Defendants and, if determined to be necessary, a hearing on the motion.

II. REPORT

A. Plaintiff's Motion and Factual Allegations

Plaintiff Leonard Young ("Young"), an inmate at the State Correctional Institution at Albion (SCI-Albion), has filed a Motion for Preliminary Injunction, Motion for Temporary

1

Restraining Order. ECF No. 15. Young alleges that the Defendants have confiscated her legal documents, placed two padlocks on her cell door, denied her access to grievances, refused to separate her from inmates and guards who have threatened and/or assaulted her, denied her a single-cell, and failed to provide her with proper medical and mental health treatment. *Id*. As relief, Young asks for her court documents to be returned, the padlocks to be removed, a statement on her file stating that she is a transgender female, separation from certain staff and inmates to "preserve life health and safety," and general medical and mental health assistance. *Id*. Young's motion is unverified and unaccompanied by an affidavit. In addition, Young's amended complaint has yet to be served on the Defendants and her motion indicates no effort by her to give notice of the motion to the Defendants.

      B.  Standards

A temporary restraining order is assessed under the same standards as a preliminary injunction. *See, e.g.*, *Alves v. Main*, 747 Fed. Appx. 111, 112 n.3 (3d Cir. 2019) (citing *Holland v. Rosen*, 895 F.3d 272, 285 (3d Cir. 2018)). As a threshold procedural matter, however,

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1).

As a matter of substance, the party seeking preliminary injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997);

*Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990).

As the moving party, Young bears the burden of producing evidence to support the first two factors. *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994). Accordingly, the movant must provide facts that clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. *See United States v. Stazola*, 893 F.2d 34, 37 n. 3 (3d Cir. 1990); *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent support for either of the first two factors, a court must deny the request for a preliminary injunction. *See Acierno*, 40 F.3d at 653 (3d Cir. 1994); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir.

1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).  Preliminary injunctive relief is "not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of plaintiff's confinement simply because they are "in court" . . .'".  *Stiel v. Fed. Bureau of Prisons*, 2017 WL 2656646, at *4 (D.N.J. June 19, 2017) (quoting *Muhammad v. Director of Corrections*, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009)).  Thus, where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976).  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).  Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  *Beard v. Banks*, 126 S. Ct. 2572, 2578 (2006); *Bell v. Wolfish*, 441 U.S. 520, 527 (1979).

    C.  Discussion

As a threshold procedural matter, Young's request for a temporary restraining order must be denied based on his failure to state "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and identifying "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Substantively, Young's allegations fail to demonstrate "the probability of irreparable harm if relief is not

granted." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989).[1]  As noted above, the burden on a party seeking injunctive relief is "particularly heavy" where the party is seeking to alter (rather than preserve) the status quo. *Punnett*, 621 F.2d at 582. *See also Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997) ("The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits.").  Thus, a request for mandatory proactive injunctive relief, such as Young's demands, must be viewed with exacting scrutiny and extreme caution. *Burton*, 2017 WL 4284345, at *6.

   Young has failed to meet her burden.  She has failed to demonstrate that the alleged threats pose an imminent risk of harm because she has not provided any facts to support a finding that prison personnel are failing to take proper action to protect her from any actual or perceived threat. *Synthes, Inc. v. Gregoris*, 228 F.Supp.3d 421, 440 (E.D. Pa. 2017) ("Any irreparable harm must be imminent."); *Burton*, 2017 WL 4284345, at *9 (declining to grant preliminary relief in the absence of evidence "that there is an <u>imminent</u> risk of irreparable injury") (emphasis in original).  Her assertion that Defendants placed padlocks on her door "in an attempt to kill or murder her," ECF No. 15, is merely a conclusory, bald allegation because she does not address how this act places her at imminent risk of irreparable harm. *See e.g.*, *Gilliam v. Staley*, 2020 WL 1430905, at *1, 2 (E.D. Ark. Mar. 4, 2020), *report and recommendation adopted*, 2020 WL 1432030 (E.D. Ark. Mar. 19, 2020) (multiple padlocks on cell door and alleged consequential harassment by Defendant guards failed to show risk of imminent harm).  Lastly, to the extent Young asserts claims that, if proven, may be compensated through money damages or equitable relief, these claims are inappropriate for

---

[1] Because the Defendants have yet to be served, the Court should defer consideration of the merits of Young's claims until it has the benefit of the Defendants' response and, if necessary, an evidentiary hearing. The Court notes, however, that it does not appear from the docket that Young has taken any steps to effectuate service of her original or amended complaint upon Defendants, or given Defendants notice of her instant motion for injunctive relief.

injunctive relief.  *See Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994).  *See also ECRI*, 809 F.2d at 226 (preliminary relief may only issue where the injury is of a "peculiar nature, so that compensation in money cannot atone for it"); *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (plaintiff must allege an injury that cannot ultimately be "redressed by a legal or an equitable remedy following trial"); *Alston v. Pennsylvania State Univ.,* 2015 WL 136334, at *2 (M.D. Pa. Jan. 9, 2015).

III.     CONCLUSION

Because Young has failed to comply with the procedural requirements of Rule 65 for a temporary restraining order and the facts alleged do not support a threat of irreparable harm to Young justifying a temporary restraining order, Young's request for such an order should be denied.  Consideration of Young's request for a preliminary injunction should be deferred until after service of the amended complaint upon the Defendants and notice of the motion is provided to the Defendants and, if determined to be necessary, a hearing on the motion is conducted.  ECF No. 14.

IV.     NOTICE

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive appellate rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 5th day of December, 2022.

                                        BY THE COURT:

                                        RICHARD A. LANZILLO
                                        CHIEF UNITED STATES MAGISTRATE JUDGE