IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

LEONARD YOUNG,                                    )
                                                  )     1:22-CV-00327-SPB-RAL
                    Plaintiff                      )
                                                  )     SUSAN PARADISE BAXTER
            vs.                                    )     United States District Court Judge
                                                  )
PA DEPARTMENT OF CORRECTIONS,                      )     RICHARD A. LANZILLO
SUPERINTENDENT LONNIE J. OLIVER,                   )     Chief United States Magistrate Judge
DEPUTY PATRICIA THOMPSON, CHCA                     )
MIKE EDWARDS, CORRECTIONS                          )     REPORT AND RECOMMENDATION
HEALTHCARE ADMINISTRATOR; DR.                      )     ON MOTION FOR TEMPORARY
EVANS, DR.  LUCAS, LT.  BASHER,                    )     RESTRAINING ORDER, MOTION FOR
CCPM KURT SUESSER, CORRECTIONS                     )     PRELIMINARY INJUNCTION
CLASSIFICATION PROGRAM                             )
MANAGER; C. GIDDINGS, GRIEVANCE                    )     ECF NO. 49
COORDINATOR; AND CPT  JOHNSON,                     )
                                                  )
                    Defendants                     )
                                                  )

I.      Recommendation

        It is respectfully recommended that Plaintiff Leonard Young's motion for a temporary

restraining order, motion for a preliminary injunction (ECF No. 49) be denied.

II.     Report

        a.   Plaintiff's Motion and Factual Allegations

        Pending before the Court is Plaintiff Leonard Young's motion for a temporary restraining

order, motion for a preliminary injunction.  ECF No. 49.  In this motion, Young, a prisoner at the

State Correctional Institution at Albion (SCI-Albion), alleged that "[s]he was injured for over a

week which led to a violent rape/sodomization by" her "cellmate."  ECF No. 49, ¶ 6.  Young

further averred that "on March 3, 2023, [she] was taken to UPMC Hamot for the rape," and,

"upon return to the prison she was told by several prisoners that she was a snitch and would be

dealt with by the gangs and Erie Prisoners (that accused cellmate is from)."  ECF No. 49, ¶ 7.

Young claimed that SCI-Albion was not utilizing any protective measures to ensure her safety from the other inmates, including her accused rapist, and thus, that "she [wa]s at risk of further assault from accused and/or gangs." *Id*., ¶ 8.  For relief, Young sought a transfer to a different state correctional institution.

The Court received Young's motion for emergency injunctive relief late on March 15, 2023. Upon careful review of the urgent nature of the potential risk to Young, the Court entered a temporary order to separate Young from her cellmate pending a hearing.  *See* ECF No. 51.  The Court contemporaneously ordered the DOC Defendants to respond to Young's motion by the following day and set a telephonic hearing for the day after that—Friday, March 17, 2023.  ECF No. 52.

In their response brief, the DOC Defendants advised that "the Pennsylvania State Police [we]re currently conducting an investigation into the sexual assault allegations made by [Young] against her cellmate." ECF No. 53, ¶ 10.  DOC Defendants also stated that on March 3, 2023, "[Young] had received a misconduct for sexual harassment and indecent exposure towards a female corrections officer," and consequently had been moved to a single-cell in the Restricted Housing Unit (RHU).  *Id*, ¶ 15.  DOC Defendants added that, because of Young's alleged actions, SCI-Albion had requested that she be transferred to another facility, and that Young would remain "in the RHU on B-Pod, and in a single cell until she [wa]s transferred."  *Id.*, ¶ 21.

b.  The Hearing on the Motion for a Temporary Restraining Order and Hearing on the Motion for a Preliminary Injunction

On Friday, March 17, 2023, the Court held a hearing on Young's request for a temporary restraining order.  The central purpose of this hearing was to ascertain whether SCI-Albion had in fact instituted protective measures to ensure Young's safety.  ECF No. 54.  At this hearing, Young acknowledged that she was presently housed in a single cell in the RHU but had only

been so since March 15, 2023.  After being duly sworn, Lt. Bashor stated that Young's transfer to another institution was in process due to a required separation between Young and the female prison official.  Upon the conclusion of the testimony, the Court determined that the principal matter raised by motion, to wit, a potential imminent threat to Young's physical health and safety, had been addressed by the single cell assignment and intended transfer to another state correctional facility.  Furthermore, the Court ordered the DOC Defendants to notify the Court at least seven days in advance of any proposed change in Young's housing arrangement.  At the conclusion of the hearing, the Court noted that the urgent concerns underlying Young's request for temporary restraining order had been rendered moot by her single-cell assignment and her pending transfer to another institution, but the Court would schedule a further hearing to address whether a preliminary injunction should be issued based on Young's claims of verbal harassment and inadequate mental health care.

On March 30, 2023, the Court conducted the hearing on Young's request for a preliminary injunction regarding alleged verbal harassment and inadequate mental health care. *See* ECF No. 62.  After being duly sworn, Young confirmed that she remains in a single cell in the RHU.  Young also acknowledged that she had not been physically harmed since her alleged rape.  Young initially testified that she has received no mental health treatment while in the RHU.  She subsequently admitted, however, that she has been visited by a clinician from the psych department but she does not like the clinician and is suing him.  Young also initially indicated that she is not receiving mental health medication.  She then clarified that she continues to receive her prescribed mental health medications, but she has refused to take her pills because she does not like the side effects.

3

After being duly sworn, Captain Skinner, the RHU Captain at SCI-Albion, testified that Young's separation from the prison official and transfer to another facility is in process. Captain Skinner additionally confirmed that Young would remain in single-cell status until her transfer to another correctional facility. Captain Skinner further testified that a psych officer makes the rounds in the RHU every day, that it is not always the same psych officer, that different psych officers have made rounds in the last month, and that he had over thirteen documents memorializing that Young had spoken to psych staff on numerous occasions. Captain Skinner added that following her sexual assault report, Young has been seen by a criminal violence counselor on two occasions—March 2, 2023, and March 30, 2023. Young then acknowledged that she had the later mental health appointment.

Young's testimony regarding her mental and medical treatment included numerous inconsistencies, contradictions, and obvious exaggerations. At times, her testimony appeared calculated to manipulate prison personnel and the Court for secondary gain. Overall, her testimony lacked credibility. Captain Skinner's testimony appeared candid and consistent and was also supported by prison records. The hearing record thus negates Young's assertion that she is not receiving medical and mental health treatment generally or in response to her alleged rape. Her lack of candor also significantly negated her claims that guards and other inmates are verbally harassing her. Even accepting her testimony regarding such harassment, it does not support a finding that she faces any threat of irreparable harm to her mental or physical health and, thus, such allegation may properly be addressed in the ordinary course of her underlying lawsuit.

c.   Standard of Review

A temporary restraining order is assessed under the same standards as a preliminary

injunction.  *See, e.g.*, *Alves v. Main*, 747 Fed. Appx. 111, 112 n.3 (3d Cir. 2019) (citing *Holland*

*v. Rosen*, 895 F.3d 272, 285 (3d Cir. 2018)).  As a threshold procedural matter, however,

> [t]he court may issue a temporary restraining order without written
> or oral notice to the adverse party or its attorney only if: (A)
> specific facts in an affidavit or a verified complaint clearly show
> that immediate and irreparable injury, loss, or damage will result to
> the movant before the adverse party can be heard in opposition;
> and (B) the movant's attorney certifies in writing any efforts made
> to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1).

As a matter of substance, the party seeking preliminary injunctive relief has the burden of

demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the

injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the

non-moving party; and (4) that the public interest would best be served by granting the

injunction.  *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997);

*Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir.

1990).

As the moving party, Young bears the burden of producing evidence to support the first

two factors.  *See Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994).  Accordingly, the

movant must provide facts that clearly support a finding that immediate and irreparable injury

will result to the movant if preliminary relief is denied.  *See United States v. Stazola*, 893 F.2d

34, 37 n. 3 (3d Cir. 1990); *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI v. McGraw-Hill,*

*Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (it is not enough to merely show irreparable harm: the

plaintiff has the burden of showing immediate irreparable injury, which is more than merely

serious or substantial harm and which cannot be redressed with money damages).  Absent support for either of the first two factors, a court must deny the request for a preliminary injunction.  *See Acierno*, 40 F.3d at 653 (3d Cir. 1994); *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity.  *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).  Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances."  *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)).

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'"  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).  Preliminary injunctive relief is "not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of plaintiff's confinement simply because they are "in court" . . .'".  *Stiel v. Fed. Bureau of Prisons*, 2017 WL 2656646, at *4 (D.N.J. June 19, 2017) (quoting *Muhammad v. Director of Corrections*, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009)).  Thus, where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief."  *Rizzo v. Goode*, 423 U.S. 362, 379 (1976).  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials

require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Beard v. Banks*, 126 S. Ct. 2572, 2578 (2006); *Bell v. Wolfish*, 441 U.S. 520, 527 (1979).

      d.   Analysis

          i.  Young's request for a safety transfer is moot.

The testimony presented by Young and Captain Skinner at the March 30, 2023 hearing confirmed that Young's motion for emergency relief is substantially moot.  Because she will remain in single-cell status in the RHU until her transfer to a different facility and thereafter be permanently separated from her accused rapist, the significant risk of irreparable harm posed by her being placed in a cell with her accused rapist or another inmate has been removed.  Thus, Young's request that the Court order Defendants to transfer her to another prison for safety measures should be denied as moot.

          ii.  Young's remaining allegations do not support a likelihood of success on the merits nor a probability of irreparable harm absent injunctive relief.

Young's testimony and the other evidence at the hearings on her motion fail to demonstrate a likelihood of success on the merits of her claims or any threat of irreparable harm absent an injunction.  Young and Captain Skinner's testimony confirmed that Young has consistently received mental health treatment.  Young testified that she has received her prescribed mental health medications but refused to take it.  Her disagreement over her prescribed medication is not grounds for injunctive relief.  The evidence also demonstrates that Young is being seen by mental health personnel on a regular basis.  The hearing record thus

negates Young's assertion that she is not receiving medical and mental health treatment generally or in response to her alleged rape.  Young has therefore failed to show a likelihood of success on the merits or that she faces imminent harm absent injunctive relief.

III.    Conclusion

For the reasons stated herein, it is respectfully recommended that Young's motion for a temporary restraining order, motion for a preliminary injunction (ECF No. 49) be DENIED.

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive appellate rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).


DATED this 31st day of March, 2023.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE