IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:22-cv-327 |
| | ) |
| PA DEPARTMENT OF | ) |
| CORRECTIONS, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This *pro* se civil action was commenced by Plaintiff Leonard Young ("Young"), an inmate at the State Correctional Institution at Albion ("SCI-Albion") who is seeking redress for the alleged violation of her[1] civil rights. To that end, Young asserts claims under 42 U.S.C. §1983 against the Pennsylvania Department of Corrections ("DOC") as well as nine individuals who serve as DOC officials or medical staff at SCI-Albion. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Currently before the Court is Plaintiff's "Motion for Emergency Injunction /TRO," filed at ECF No. 49, which stems from disturbing allegations that Young was raped by her cellmate and taken to UPMC Hamot for treatment, after which "she was told by several prisoners that she was a snitch and would be dealt with by the gangs and Erie Prisoners (that accused cellmate is from)." ECF No. 49, ¶7. Young has claimed that SCI-Albion is not utilizing any protective measures to ensure her safety from the other inmates, including her accused rapist, placing her

---

[1] The Court uses the feminine pronoun, as Young identifies as a transgender female.

1

"at risk of further assault from accused and/or gangs." *Id*., ¶ 8.  Based on these allegations, Young has requested that she be transferred to a different state correctional institution.

Given the severity of Young's allegations, Judge Lanzillo entered a temporary order directing that Young be separated from her cellmate pending an evidentiary hearing, which was scheduled to occur two days later, on March 17, 2023.  ECF No. 51, 52.  The Magistrate Judge initially deferred any recommendation on Young's request for a preliminary injunction, pending his receipt of evidence at the impending telephonic hearing.  ECF No. 51.

The DOC Defendants responded to Young's motion as follows.  First, they represented that the Pennsylvania State Police were investigating Plaintiff's allegations of sexual assault. ECF No. 53, ¶ 10.  Second, they stated that on March 3, 2023, "[Young] had received a misconduct for sexual harassment and indecent exposure towards a female corrections officer," resulting in Young being moved to a single-cell in the Restricted Housing Unit (RHU). *Id*., ¶ 15. Third, Defendants asserted that, because of Young's alleged actions, prison officials had requested she be transferred to another facility.  Finally, Defendants represented that Young would remain in single cell within the RHU pending her transfer. *Id*., ¶ 21.

During the telephonic hearing held on March 17, 2023, Young acknowledged that she had received single-cell housing in the RHU, although she claimed that the single cell was assigned only on March 15, 2023.  One of the DOC Defendants, Lieutenant Basher, testified under oath that Young's transfer was in process.  Judge Lanzillo ultimately determined that the urgent concerns underlying Young's request for a temporary restraining order had been rendered moot by her single-cell assignment and impending transfer; however, he scheduled a second hearing to address whether a preliminary injunction should issue based on Young's claims of verbal harassment and inadequate mental health care.

That second hearing occurred on March 30, 2023, at which time Judge Lanzillo received sworn testimony from Young and Captain Skinner, the RHU Captain at SCI-Albion. *See* ECF No. 66. Judge Lanzillo determined, in summary, that:

> Young's testimony regarding her mental and medical treatment included numerous inconsistencies, contradictions, and obvious exaggerations. At times, her testimony appeared calculated to manipulate prison personnel and the Court for secondary gain. Overall, her testimony lacked credibility. Captain Skinner's testimony appeared candid and consistent and was also supported by prison records. The hearing record thus negates Young's assertion that she is not receiving medical and mental health treatment generally or in response to her alleged rape. Her lack of candor also significantly negated her claims that guards and other inmates are verbally harassing her. Even accepting her testimony regarding such harassment, it does not support a finding that she faces any threat of irreparable harm to her mental or physical health and, thus, such allegation may properly be addressed in the ordinary course of her underlying lawsuit.

ECF No. 63 at 4. On March 31, 2023, Judge Lanzillo filed a report and recommendation ("R&R") concluding that no preliminary injunction order should issue, because: (i) Young's request for a safety transfer had been rendered moot; and (ii) Young's allegations concerning harassment and lack of medical care did not support a likelihood of success on the merits or establish a probability that Young would suffer irreparable harm in the absence of injunctive relief. *Id.* at 7-8.

Young's objections to the Magistrate Judge's R&R were originally due on April 17, 2023. She initially sought a 90-day extension of time, ECF No. 64, but she then also mailed objections to the Court less than a week after seeking the extension. ECF No. 65. Out of an abundance of caution, the Court granted Young a partial extension of time, allowing her to supplement her objections on or before May 12, 2023. ECF No. 68. Despite this allowance, no supplemental objections have been filed to date. However, the court reporter has filed a transcript of the March 30, 2023 motion hearing, which the undersigned has reviewed in its entirety. ECF No. 66.

The Court has also reviewed Plaintiff's objections to the R&R, which are styled as an "appeal." ECF No. 65. Therein, Young contends that she was scared to argue her case during

the March 30 hearing because of past adverse rulings by the Magistrate Judge.  She also claims that she was not properly prepared for the hearing because prison officials withheld her mail, confiscated her legal work, and did not provide advance notice of the telephonic hearing.  From a substantive standpoint, Young insists that she has not received any medical or psychiatric attention related to her alleged rape, that she has not had contact with a victim advocate, that she does not feel comfortable interacting with PSA Clothier (against whom she has filed multiple PREA reports and grievances), that Judge Lanzillo ignored her testimony concerning retaliation by Defendants Thompson and Skinner, and that DOC officials have been lying about her impending transfer and single-cell status.

       Having given Plaintiff's objections due consideration, the Court finds no basis for departing from the Magistrate Judge's recommendation.  Despite Plaintiff's professed fear of testifying and lack of preparedness, the Court perceives no due process concerns surrounding the March 30 hearing, as the issues addressed by Judge Lanzillo were factual, straightforward, and well within Plaintiff's scope of common knowledge.  A review of the transcript reveals no inappropriate bias on the part of Judge Lanzillo and shows that Plaintiff was given ample opportunity to be heard concerning the issues raised in her motion.  The Magistrate Judge plainly considered Young's testimony concerning her alleged lack of proper medical or psychiatric attention, but he ultimately determined that the defense witness was more credible on this point.  Having fully reviewed the hearing transcript as well as the Magistrate Judge's R&R, the Court finds no basis for disagreeing with Judge Lanzillo's credibility assessment or his legal analysis.  And, despite Young's assertion that no transfer authorization or Z-Code order is currently extant, the Court notes Young's confirmation at the hearing that she remains in a single-cell as per the Magistrate Judge's original order.  Finally, as Judge Lanzillo observed during the telephonic

hearing, there remains in place his prior order directing Defendants to provide the Court advance notice in the event any attempts are made to change Young's cell status. In sum, nothing in Young's objections persuades this Court that her pending motion for injunctive relief should be granted.

Accordingly, upon *de novo* review of the operative pleading and documents in the case, including Plaintiff's "Motion for Emergency Injunction /TRO," filed at ECF No. 49, all evidence relevant thereto, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections to the R&R, the following Order is entered:

NOW, this 31st day of May, 2023, IT IS ORDERED that Plaintiff's "Motion for Emergency Injunction /TRO," filed at ECF No. 49, shall be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, dated March 31, 2023, ECF No. [63], is adopted as the opinion of this Court.

                                              SUSAN PARADISE BAXTER
                                              United States District Judge

cm:    Leonard Young
        QA-0396
        SCI Albion
        10745 Route 18
        Albion, PA 16475-0001
        (via U.S. Mail)

        The Honorable Richard A. Lanzillo (via CM/ECF)

5