IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-327 |
| | ) |
| PA DEPARTMENT OF | ) |
| CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This civil action was commenced in October 2022 by Plaintiff Leonard Young, a former inmate at the State Correctional Institution at Albion ("SCI-Albion") who identifies as a transgender female.[1] Plaintiff's operative pleading, the Amended Complaint, sets forth various claims under 42 U.S.C. §1983 against the Pennsylvania Department of Corrections ("DOC") and nine DOC officials affiliated with SCI-Albion based on perceived violations of Plaintiff's federal constitutional rights. These violations involve alleged procedural due process violations, use of excessive force, unconstitutional conditions of confinement, deliberate indifference to Plaintiff's serious medical needs, conspiracy, and retaliation for protected conduct.

Currently pending before the Court is Defendants' motion to dismiss the claims in the Amended Complaint. ECF No. 55. The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges. ECF No. 1.

---

[1] Accordingly, the Court utilizes the pronouns "she/her/hers" in reference to the Plaintiff.

1

On October 10, 2023, the Chief Magistrate Judge issued a report and recommendation ("R&R"), ECF No. 72, in which he opined that Defendants' motion to dismiss should be granted. Judge Lanzillo construed the Amended Complaint as attempting to state the following causes of action:

- Fourteenth Amendment procedural due process and First Amendment retaliation claims against Defendants Giddings and Oliver arising out of Plaintiff's Prison Rape Elimination Act ("PREA") and grievance allegations;

- Eighth Amendment excessive force, conditions of confinement, and deliberate indifference claims against Defendants Johnson, Suesser, and Basher based on an alleged sexual assault;

- Eighth Amendment conditions of confinement and First Amendment retaliation claims against Defendant Johnson based on Plaintiff's confinement to a hard cell;

- An Eighth Amendment conditions of confinement claim against Defendants Basher, Suesser, Thompson, and Oliver based on Plaintiff's placement in a cell with the male inmate;

- First Amendment retaliation and civil rights conspiracy claims against all Defendants arising out of Plaintiff's transgender identity and success in a past lawsuit;

- Eighth Amendment excessive force and deliberate indifference claims, as well as First Amendment retaliation and civil rights conspiracy claims against all Defendants for failing to provide Plaintiff with adequate mental and medical health care; and

- An Eighth Amendment failure to protect claim based on Plaintiff's "LGBTQ transgender/woman identity."

See ECF No. 72 at 5-6 (citing ECF No. 14, ¶¶34-40).

In his R&R, Judge Lanzillo analyzed each of the Defendants' arguments for dismissal of the foregoing claims. He concluded that the Eleventh Amendment barred Plaintiff's claims against the DOC, as well as her monetary claims against the individuals Defendants in their official capacities. Next, Judge Lanzillo opined that the claims against Defendants Oliver, Suesser, and Edwards should be dismissed because of Plaintiff's failure to plead their personal involvement in any wrongdoing. Judge Lanzillo recommended the dismissal of Plaintiff's

2

claims against Defendants Thompson, Giddings, and Basher based on the fact that the liability of those Defendants was predicated entirely on their alleged failure to respond adequately to Plaintiff's grievances and verbal complaints. In addition, Judge Lanzillo found no allegations in the Amended Complaint that would show these Defendants were involved in Plaintiff's mental health assessment/treatment or that they failed to respond to an imminent threat to Plaintiff's safety. With respect to Plaintiff's putative Eighth Amendment claims, Judge Lanzillo determined that Plaintiff: (a) failed to plead the use of excessive force by any Defendant; (b) failed to allege that any particular Defendant demonstrated deliberate indifference to a substantial risk of harm posed by Plaintiff's conditions of confinement; (c) failed to allege facts to support a claim of deliberate indifference to a serious medical need; and (d) failed to plead a viable claim based on the conditions of Plaintiff's confinement. With respect to Plaintiff's First Amendment retaliation claims, Judge Lanzillo opined that: (i) no adverse action or retaliatory motive had been stated as to Defendants Giddings and Oliver; (ii) only inadequate, "threadbare" allegations had been lodged against Defendant Johnson; (iii) and similarly inadequate, conclusory allegations had been asserted against the Defendants generally, none of which was sufficient to state a viable retaliation claim. As for Plaintiff's "access to courts" claim, Judge Lanzillo found that Plaintiff had failed to plead any plausible injury, making her claim legally untenable. Lastly, Judge Lanzillo opined that Plaintiff's civil conspiracy claim was inadequate in that it was predicated solely on conclusory allegations, without any specific averments to establish the time, place, or manner of the alleged conspiracy. Judge Lanzillo recommended that the Court dismiss, with prejudice, Plaintiff's claims against the DOC, as well as her official capacity claims for monetary damages and her "access to courts" claims. The foregoing claims, he concluded, could not be

cured through further amendment. As for the remaining claims, Judge Lanzillo recommended they be dismissed with leave to amend within a 20-day period.

Objections to the Magistrate Judge's R&R were due to be filed by October 27, 2023. Although the R&R was sent to Plaintiff at her then-current address of record on October 10, 2023, the mailing was returned to the Court on October 23, 2023 with a "return to sender" notification, indicating that officials were "unable to forward" the mailing. Then, on November 2, 2023, the Clerk received a change of address notice from Plaintiff, but the notice was not docketed until November 6, 2023. ECF No. [74]. In the meantime, the Court had entered a Memorandum Order on November 3, 2023 adopting the Chief Magistrate Judge's R&R. ECF No. [73].

Given Plaintiff's transfer to a different state institution and her apparent failure to receive a copy of the R&R, the Court vacated its November 3, 2023 Memorandum Order and extended Plaintiff's time for filing objections until November 28, 2023. ECF No. [75]. The Court also directed that a copy of the Chief Magistrate Judge's R&R be re-mailed to Plaintiff at her new address of record, along with a copy of the Court's order setting the new deadline for objections. Despite this extension of time, no objections to the R&R have been received as of this date.

Based upon the Court's *de novo* review of the Amended Complaint, the Defendants' motion to dismiss and related filings, and the Chief Magistrate Judge's Report and Recommendation, the following Order is entered:

NOW, this 20th day of December, 2023, IT IS ORDERED that Defendants' motion to dismiss the Amended Complaint, ECF No. [55], shall be, and hereby is, GRANTED, as follows:

1. Plaintiff's claims against the Pennsylvania DOC, her official capacity claims for monetary relief, and her First and Fourteenth Amendment "access to courts" claims are DISMISSED WITH PREJUDICE and without further leave to amend.

2. The following claims are DISMISSED WITHOUT PREJUDICE and with leave to amend: (i) Plaintiff's Eighth Amendment "conditions of confinement" claim, (ii) her Eighth Amendment "excessive force" claim, (iii) her Eighth Amendment "deliberate indifference to serious medical needs" claim, (iv) her Eighth Amendment "failure to protect" claim, (v) her First Amendment retaliation claims, and (vi) her civil rights conspiracy claims.

3. To the extent Plaintiff wishes to replead the claims referenced in Paragraph 2, she may do so in an amended pleading, which must be filed on or before **January 22, 2024.** **Plaintiff's failure to comply with this pleading deadline will result in the dismissal of the aforementioned claims, with prejudice, and without further notice from this Court**.

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief Magistrate Judge Richard A. Lanzillo on October 10, 2023, ECF No. [72], is adopted as the opinion of this Court.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge

cm: Leonard Young
QA-0396
SCI PHOENIX
1200 Mokychic Drive
Collegeville, PA 19426
(via U.S. Mail)

The Honorable Richard A. Lanzillo (via CM/ECF)